# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JACQUELINE R. COUCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| MUTUAL OF OMAHA INSURANCE COMPANY, | ) JUDGE _____ |
| | ) |
| Defendant. | ) |

## MUTUAL OF OMAHA INSURANCE COMPANY'S
## NOTICE OF REMOVAL

Defendant Mutual of Omaha Insurance Company ("Mutual of Omaha," or "Defendant") pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the Circuit Court for Montgomery County, Tennessee at Clarksville, to the United States District Court for the Middle District of Tennessee, Nashville Division[1]. In support of the removal, Defendants respectfully state as follows:

**I.    NATURE OF THE CASE**

1.    On May 11, 202, Plaintiff filed a civil action against Defendant in the Circuit Court for Montgomery County, Tennessee, styled *Jacqueline R. Couch v. Mutual of Omaha Ins. Co.*, Case No. CC22CV933. True and correct copies of the Complaint, the summons, and all pleadings, orders, and other papers or exhibits of every kind on file in the Montgomery County Circuit Court

---

[1] By removing this action to this Court, Mutual of Omaha does not waive any defenses, objections, or motions available under state or federal law. Mutual of Omaha expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal based on lack of personal jurisdiction, improper venue, and/or the doctrine of *forum non conveniens*.

are attached to this Notice of Removal as **Exhibit A – Collective**, as required by 28 U.S.C. § 1446(a).

2. A Summons was issued for Defendant on May 12, 2022, through its statutory agent the Tennessee Department of Commerce and Insurance. A return was filed with the Circuit Court for Montgomery County indicating that the Tennessee Department of Commerce and Insurance was served on May 18, 2022 and that it sent a copy of the Summons and Complaint to Mutual of Omaha on May 24, 2022 via certified mail. Defendant submits that Mutual of Omaha received actual notice of the Complaint and Summons on June 4, 2022 when the certified letter from the Tennessee Department of Commerce and Insurance was received at its office in Omaha, Nebraska.

3. Plaintiff asserts claims against Mutual of Omaha for failing to pay amounts allegedly owing to her as a beneficiary under the Accidental Death Insurance Policy for Nancy W. Couch. (Compl. ¶¶ 7 – 14).

4. Plaintiff alleges that Mutual of Omaha's denial of her claim was made in bad faith, and "was vexatious and without reasonable cause". (Compl. ¶¶ 12 – 13).

5. Plaintiff seeks an award of $200,000.00 plus attorney's fees and an additional fee of 12.5% of the total award. (Compl. Prayer for Relief ¶ 2).

II. **REMOVAL STANDARD**

6. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

7. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business ...." 28 U.S.C. § 1332(c)(1).

8. Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

### III. PROCEDURAL COMPLIANCE

9. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Mutual of Omaha is attached as **Exhibit A.**

10. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of receipt by Defendant on June 4, 2022 "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b); s*ee also* Corwin v. State Farm Fire & Cas. Co., No. 3:18-CV-00740, 2018 WL 6620081 (M.D. Tenn. Dec. 18, 2018) (holding that "service of process on a statutory agent does not trigger the thirty day period for filing a notice of removal under § 1446(b)").

11. The United States District Court for the Middle District of Tennessee, Nashville Division is the federal judicial district encompassing the Circuit Court of Montgomery County, Tennessee, where Plaintiff originally filed this suit, such that this is the proper federal district for removal of this case to federal court. 28 U.S.C. § 1441(a); 28 U.S.C. § 123(b)(1).

12. Pursuant to 28 U.S.C. § 1446(d), Plaintiff, through Plaintiff's counsel, will be served with written Notice of Removal, and a copy of this Notice of Removal will be filed contemporaneously with the Circuit Court for Montgomery County, Tennessee. A true and correct copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit B**.

### IV. DIVERSITY OF CITIZENSHIP EXISTS AMONG THE PARTIES.

13. Upon information and belief, Plaintiff was, at the time of the filing of this action, a resident and citizen of Tennessee. (Compl. ¶ 1).

3

4886-3865-7318
Case 3:22-cv-00473   Document 1   Filed 06/23/22   Page 3 of 5 PageID #: 3

14. Defendant Mutual of Omaha is a corporation organized and existing under the laws of the State of Nebraska with its principal place of business located at Mutual of Omaha Plaza, Omaha, Nebraska, 68175-0001. Mutual of Omaha is therefore a citizen of Nebraska. See 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State where it has its principal place of business . . .").

15. Because Plaintiff and Defendant Mutual of Omaha are not citizens of the same state, diversity of citizenship exists between Plaintiff and Mutual of Omaha.

## V. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

16. Where removal of a civil action is sought on the basis of diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1146(c)(2).

17. Plaintiff's Complaint seeks $200,000 in compensatory damages. (Compl. Prayer for Relief ¶ 2).

18. The amount in controversy requirement is satisfied because Plaintiff's claims for damages exceed the requisite amount for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

## VI. DEMAND FOR JURY TRIAL

Mutual of Omaha hereby demands a jury trial as to all claims triable in this action.

## VII. CONCLUSION

WHEREFORE, Mutual of Omaha hereby gives notices that the matter styled as *Jacqueline R. Couch v. Mutual of Omaha Ins. Co.*, Case No. CC22CV933 is removed to the United States District Court for the Middle District of Tennessee, Nashville Division.

Dated this 23rd day of June 2022.

4886-3865-7318

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

s/Charles C. McLaurin
Charles C. McLaurin (BPR # 034352)
Daphne Bugelli (BPR #035060)
1600 West End Ave, Suite 2000
Nashville, Tennessee 37203
Tel: (615) 726-5576
Fax: (615) 744-5576
dbugelli@bakerdonelson.com

Cameron S. Hill (BPR #017408)
633 Chestnut Street, Suite 1900
Chattanooga, Tennessee 37450
Tel: (423) 209-4160
Fax: (423) 752-9545
chill@bakerdonelson.com

*Attorneys for Defendant Mutual of Omaha Insurance Company*

# CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2022 the foregoing "Notice of Removal" was filed via the Court's Electronic Filing System, and further, that I served a true and correct copy of same via electronic mail on the following:

Travis N. Meeks, Esq.
135 Franklin Street
Clarksville, TN 37040
Tel: (931) 645-3888
Fax: (931) 645-4902
travismeeks@meeksandmeeks.com

*Attorney for Plaintiff*

s/Charles C. McLaurin
Attorney